UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stanley Earl Winston, | ) C/A No. 3:06-03567-TLW-JRM |
|                 Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  Report and Recommendation |
| Doctor Charlene Grice; | )  for Partial Summary Dismissal |
| Medical University; | ) |
| President of the Medical University; | ) |
| Dean of the Arts and Sciences Department.; | ) |
| Chairman of the Biology Department.; and | ) |
| CEO of the Medical Division at the Medical University of | ) |
| South Carolina at Charleston; | ) |
| | ) |
|                 Defendants. | ) |
| | ) |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is incarcerated at the Federal Correctional Institution - Estill, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. This complaint names Doctor Charlene Grice (Grice), the Medical University of South Carolina (MUSC), and the President of MUSC, the Dean of the Arts and Sciences Department, the Chairman of the Biology Department, and the CEO of the Medical Division at MUSC at Charleston (MUSC officers) as defendants. Plaintiff complains that because of his race, he was denied medical service by defendant Grice. Plaintiff brings this action against MUSC and MUSC officers as defendant Grice's supervisors. Plaintiff seeks monetary damages.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Further reference to this complaint brought under Title 42 of the United States Code will be by section number only.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could

prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

This § 1983 complaint is subject to summary dismissal as to defendants MUSC and MUSC officers because the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions. *See Vinnedge v. Gibbs*, 550 F.2d 926, 927-29 (4th Cir. 1977); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability." (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978))). Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the employee's actions which violate constitutional rights. *See Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). The plaintiff makes no factual allegations against the defendants MUSC and MUSC officers to indicate their authorization or indifference to defendant Grice's actions that plaintiff alleges violated his constitutional rights. Plaintiff simply states that these defendants authorize defendant Grice to offer her services. (Compl. at 8-9.)

Supervisory officials may be held liable, in certain circumstances, for constitutional injuries inflicted by their subordinates. *Shaw v. Stroud*, 13 F.3d 701, 798 (4th Cir. 1994). However, certain criteria must be met before such liability can attach. The plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d

215, 221 (citing *Shaw v. Stroud*, 13 F.3d at 798-99).  Plaintiff's complaint contains no facts regarding defendants MUSC and MUSC officers which would satisfy the above criteria.  Plaintiff states that MUSC and MUSC officers are liable under a theory of respondeat superior or failure to supervise.  (Compl. at 8-9.)  Even though plaintiff states that a "causal connection" exists with Grice and MUSC, the Dean of the Arts and Sciences Department, the Chairman of the Biology Department and the CEO of the Medical Division of MUSC, (Compl. at 8-9), mere use of the term "causal connection" is insufficient to satisfy criterion (3).  The complaint fails to state a claim against defendants MUSC and MUSC officers, and they should be dismissed as a parties

## Recommendation.

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case as to defendants the Medical University of South Carolina, the President of MUSC, the Dean of the Arts and Sciences Department, the Chairman of the Biology Department, and the CEO of the Medical Division at the Medical University South Carolina at Charleston *without prejudice* and without issuance and service of process for these defendants.  *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319, 324-25; *Haines v. Kerner*, 404 U.S. at 519; *Brown v. Briscoe*, 998 F.2d 201, 202-04 & n.* (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 70; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  Process shall issue for service of the remaining defendant, Grice.

Respectfully Submitted,

March 6, 2007                                                                  s/Joseph R. McCrorey
Columbia, South Carolina                                             United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).